UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA BARANSKI, | ) | CASE NO. 1:14-cv-607 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| -vs- | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | MEMORANDUM OPINION AND |
| Social Security Administration, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act. ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 20.) The Commissioner has responded to plaintiff's application, stating that no opposition will be filed to plaintiff's motion. (Doc. No. 21.) For the reasons that follow, plaintiff's unopposed motion for attorney fees is granted.

**I. BACKGROUND**

Plaintiff filed this action seeking review of the Commissioner's denial of her application for disability insurance benefits and supplemental security income. (Doc. No. 1.) Subsequently, the parties filed a joint motion to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and enter judgment in favor of plaintiff. (Doc. No. 17.) The joint motion was granted, and the Court remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 18 and 19.) Thereafter, plaintiff moved for attorney fees.

## II. DISCUSSION

The EAJA requires the government to pay a prevailing social security plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Prevailing party" status is achieved within the meaning of the statute when the plaintiff succeeded in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

Plaintiff in this case succeeded in securing a sentence four remand to the Commissioner for further consideration of her application. Accordingly, the Court finds that plaintiff is a prevailing party for the purposes of the EAJA.

The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the cost of living over the years since the $125 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014).

Plaintiff's attorney's EAJA time statement submitted with her fee application (Doc. No. 20-3) indicates that legal services in this case were rendered from March 2014 through July 2014, for a total of 30.25 hours. The number of hours claimed in the fee application is not exorbitant, and the government has not argued that the hours are excessive or unreasonable.

Having examined the statement and, considering the outcome of the case, the Court concludes that 30.25 hours is reasonable in this case.

The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI. *See Crenshaw,* 2014 WL 4388154 at *3 (collecting cases).[1] The Court has previously found the adjusted hourly rate for a period nearly identical to the service period in this case, based on the Midwest CPI, to be $187.50. *See Crisan v. Colvin*, No. 1:14 cv 384, 2014 WL 5795549, at *2 (N.D. Ohio Nov. 6, 2014). In addition, the Court has examined and considered the materials provided with plaintiff's attorney fee application. Those materials reflect that the prevailing hourly rate for attorneys in the Cleveland area for the kind and quality of service provided by plaintiff's attorney in this case exceeds $200 per hour, which further justifies an increase in the statutory rate by the Midwest Urban CPI. (*See* Doc. No. 20-8 at 1464.[2])

The unopposed motion for attorney fees seeks an award of $5,671.88. This amount, divided by the number of hours for legal services rendered before this court—30.25—results in an hourly rate of $187.50. The Court concludes that the attorney hours claimed in plaintiff's fee application, and an hourly rate of $187.50, are both reasonable and supportable under the EAJA. Finally, defendant has made no attempt to demonstrate that the government's denial of plaintiff's disability application was substantially justified, and the Court is not aware of any special circumstances that would make an attorney fee award unjust. Accordingly, the motion for an attorney fee award of $5,671.88 is granted.

EAJA attorney fees payable to plaintiff are subject to offset to satisfy pre-existing federal debt owed by plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 589-90, 130 S. Ct. 2521, 177

---

[1] The Midwest Urban CIP can be found on the website of the Bureau of Labor Statistics—http://www.bls.gov.

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

L. Ed. 2d 91 (2010). Payment may be made directly to plaintiff's attorney only if plaintiff owes no debt to the government and plaintiff has assigned any right to EAJA attorney fees to the attorney. *Crenshaw,* 2014 WL 4388154 at *5. Attached to plaintiff's motion for attorney fees is a fee agreement assigning EAJA fees. (Doc. No. 20-4.) The Commissioner is ordered to determine, within 30 days from the date of this order, whether plaintiff owes a preexisting debt to the government, to offset any such debt against the award granted herein, and to pay the balance to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's motion for an award of EAJA attorney fees in the amount of $5,671.88 is GRANTED. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: September 29, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**