UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA BARANSKI, | ) | CASE NO. 1:14-cv-607 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b). (Doc. No. 24 ["Mot."].) The Commissioner of Social Security ("Commissioner") filed a response[1] (Doc. No. 25 ["Resp."]), and plaintiff filed a reply thereto (Doc. No. 27 ["Reply"]). For the reasons that follow plaintiff's motion is GRANTED.

I.  BACKGROUND

Plaintiff Anna Baranski ("Baranski") brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of Baranski's application for disability insurance benefits and supplemental security income. (Mot. at 1509.[2]) On October 17, 2014—on joint motion of the parties—this Court remanded the case for further administrative proceedings. (Doc. No. 19.) After remand and an appeal, a fully favorable decision was rendered on behalf of Baranski on June 11, 2018. (Mot. at 1509.) Baranski now moves this Court for an order granting

---

[1] Although "the Commissioner 'has no direct financial stake in the answer to the § 406(b) question[,]" the Commissioner submits its response "to aid the Court in setting an appropriate fee." (Resp. at 1520 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)).)

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $15,000.00 for 30.25 hours of work performed before this Court.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 406(b)(1)(A), following a favorable judgment on a Social Security disability appeal, the Court may award attorney fees not to exceed twenty-five percent of the past-due benefits received by the claimant. Section 406(b)(1)(A) places a twenty-five percent cap on the amount of fees recoverable and requires that the fee award be reasonable in light of services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

> [I]n cases where the court remands the case . . . to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—*for the work performed before it*, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

*Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (emphasis added).

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). Deductions to large fees are only made in two situations: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended*." *Hayes*, 923 F.2d at 420-421 (quoting *Rodriquez*, 865 F.2d at 746).

The Sixth Circuit has held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of

2

hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id*. at 422 (footnotes omitted).1 In fact, "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable[.]" *Id.*

If neither of the two situations permitting a fee deduction is applicable to a § 406 fee petition, then "an agreement for a 25% fee, the maximum permitted under § [4]06(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id*. at 421.

### III. DISCUSSION

Prior to filing this action, Baranski agreed to pay her attorney, Louise Mosher, Esq., twenty-five percent of her past-due benefits awarded. (Doc. No. 24-3.) Baranski's past-due benefits totaled $101,057.00. (Reply at 1529.) Defendant withheld $25,264.25 from Baranski's past-due benefits for the purposes of attorney fees. (*Id.*; Doc. No. 24-4 at 1518.)

Baranski has submitted an affidavit and a time sheet documenting 30.25 hours expanded on her behalf by her counsel in connection with this federal litigation. (Doc. No. 24-1, 24-2.)

The $15,000.00 requested for services before this Court is well below the statutory maximum of twenty-five percent. Further, as Baranski demonstrates, her counsel's calculated hourly rate is per se reasonable. *See Hayes*, 923 F.2d at 422. Courts in the Northern District of Ohio have determined that an hourly rate of $350.00 "is an appropriate upper limit in awarding attorney fees pursuant to § 406(b)." *Hayes v. Colvin*, No. 1:13CV2812, 2015 WL 4275506, at *3 (N.D. Ohio July 14, 2015) (collecting cases). Here, the fee amount sought of $15,000.00 for 30.25 hours of work amounts to a hypothetical hourly rate of $495.87, which is less than twice the standard hourly rate ($350.00) and, therefore, per se reasonable. Moreover, there has been no showing that counsel's representation was incompetent or ineffective or that counsel would "enjoy

3

a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes*, 923 F.2d at 420–21 (emphasis omitted) (quoting *Rodriguez*, 865 F.2d at 746).

### IV.   CONCLUSION

Accordingly, plaintiff's motion for attorney fees under § 406(b) is GRANTED, and the Court awards attorney fees, not exceeding twenty-five percent of past-due benefits, in the amount of $15,000.00, such funds presently held in trust, payable directly to plaintiff's counsel, Louise Mosher, Esq., 3659 Green Road, Suite 306, Beachwood, Ohio, 44122.[3]

**IT IS SO ORDERED**.

Dated: May 15, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] Counsel received EAJA fees in the amount of $5,103.19, which—as Baranski's counsel concedes—must be refunded to Baranski because counsel cannot receive funds under both the EAJA and Section 406(b). *Bowman v. Colvin*, No. 1:09 CV 248, 2014 WL 1304914, *2 (N.D. Ohio Mar. 27, 2014) (citing *Jankovich v. Bowen*, 868 F.2d 867, 871, n.1 (6th Cir. 1989)) (further citation omitted).